## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEE ARLIN EASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-05-509-F |
| | ) | |
| LARRY DAMERON, R.C. DANIELS, and | ) | |
| WADE LOWERY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Plaintiff alleges that Defendants used excessive force in executing a search warrant and in arresting him. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court is the Motion of Defendant Wade Lowery to Quash Service of Summons [Doc. #20]. Plaintiff has been given the opportunity to respond to the Motion, *see* Order [Doc. #21], but has not done so within the time permitted. The Court may in its discretion, therefore, deem the Motion confessed. *See* LCvR 7.2(f). It is recommended that Plaintiff's claims against Defendant Lowery be dismissed without prejudice for insufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5).

## <u>Analysis</u>

Plaintiff filed his Complaint in this action on May 6, 2005. On August 15, 2005, Plaintiff filed a Praecipe for Summons [Doc. #12] seeking service of the three defendants. The Praecipe gives the address of the Beckham County Sheriff's office in Sayre, Oklahoma

as the place of service for Defendant Lowery.  A United States Marshal apparently delivered all three summons to the Beckham County Sheriff's office in the Courthouse Annex, Sayre, Oklahoma.  *See* Process Receipt and Return [Docs. ##13-15].   Each return is signed by "Dana Southhall, Service Rep."  In an Affidavit attached to the Motion to Quash Summons, Scott Jay, Sheriff of Beckham County, states that Defendant Lowery has not worked for the Beckham County Sheriff's office for more than a year and that he was not so employed on August 24, 2005, the date service was allegedly made.  Counsel states in the Motion that his law firm regularly represents Beckham County employees but that Defendant Lowery has not been in contact with his firm and that the firm has no way to contact him.

Rule 4(c)(1) of the Rules of Civil Procedure requires that a defendant in a civil case be served with a summons and a copy of the complaint.  Rule 4(e)(2) governs service upon an individual.  An individual may be served:

> by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies therof at the individual's dwelling house or ususal place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).  In this case, service of the summons and complaint upon Defendant Lowery's former employer does not satisfy the requirement of Rule 4(e)(2).

Additionally, Plaintiff has failed to timely effect service of process.  Rule 4(m) sets forth the time limit for service of the summons and complaint:

> If service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice

as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). In this case, Plaintiff has not effected service upon Defendant Lowery, nor has he offered an explanation for his failure to serve this Defendant. The Court must nevertheless consider whether Plaintiff has shown "good cause" sufficient to justify an extension of time. *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

*Espinoza* sets forth factors to be considered in determining whether to grant a plaintiff an extension of time to effect service. *Id.* at 842. The first factor to consider is whether the statute of limitations would bar the refiled action. Plaintiff complains of actions allegedly arising from a search and arrest on May 9, 2003. It appears, therefore, that the applicable statute of limitations might bar his claims in a refiled complaint against Defendant Lowery.[1] The first factor alone, however, is not dispositive. Another factor to consider is whether the Plaintiff has tried but has been unsuccessful in an attempt to serve the party. As set forth, Plaintiff has made only one attempt to effect service on Defendant Lowery. The Tenth Circuit has also held that good cause for failing to effect service is shown when a defendant avoids service. *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997). In this case, there is no evidence that Defendant Lowery has avoided service of process. Plaintiff has neither sought an extension of time to serve Defendant Lowery, nor has he responded to Defendant Lowery's Motion. Under these circumstances, Plaintiff has failed to show good cause

---

[1]The statute of limitations for 42 U.S.C. § 1983 claims arising in Oklahoma is two years. *See Meade v. Grubbs*, 841 F.2d 1512, 1524 (10th Cir. 1988).

sufficient to warrant an extension of time under Rule 4(m). *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436 (10th Cir. 1994) (holding that where plaintiffs failed to serve the proper parties, good cause was not shown even though the statute of limitations had run, the plaintiffs' counsel had misinterpreted the applicable rule of procedure, the defendants allegedly failed to show that they would be prejudiced by an extension, and the defendants may have had actual notice of the lawsuit).

Plaintiff has failed to properly and timely effect service of process on Defendant Lowery. Therefore, it is recommended that the claims against Defendant Lowery be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5).

## RECOMMENDATION

It is recommended that Defendant Lowery's Motion [Doc. #20] be granted and that the claims against Defendant Lowery be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by January  9th , 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## __STATUS OF REFERRAL__

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED this __20th__ day of December, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE