**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DEE ARLIN EASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-05-509-F |
| | ) | |
| LARRY DAMERON,[1] R.C. DANIELS, and WADE LOWERY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Plaintiff alleges that Defendants used excessive force in executing a search warrant and in arresting him. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court is Defendant Lary Damron's Special Appearance and Motion to Dismiss [Doc. #19] (Motion to Dismiss). Plaintiff has responded to the Motion to Dismiss. *See* Reply to Defendant Larry Dameron's [sic] Motion to Dismiss [Doc. #23] (Plaintiff's Response). Defendant Damron sought and received leave to file a reply. *See* Defendant Lary Damron's Reply in Support of his Motion to Dismiss [Doc. #26] (Defendant's Reply). It is recommended that Defendant's Motion be denied.

---

[1]This Defendant identifies himself as "Lary Damron."

**Background and Claims Presented**

Plaintiff alleges in his Complaint that he was subjected to excessive force when Defendants, whom he identifies as officers of the "District 2 Drug Task Force," entered his home and arrested him on May 9, 2003. Plaintiff describes the incident in his Complaint:

> On May 9, 2003, Plaintiff was living at 208 S. 3rd, Sayre, Oklahoma. On this same date, Plaintiff was in his kitchen at the residence when someone knocked on his door, real loud[.] Plaintiff started for the door to answer it. Before he could even arrive at the door, someone kicked the door two (2) times. The door did not come open from these kicks. When Plaintiff got to the door, he turned the knob to open the door and the door flew open and almost knocked him down. At this time, R.C. Daniels, came into the house and pointed a gun in Plaintiff's face and told him to hit the floor. As Plaintiff turned to get down on the floor, Daniels struck him in the head and knocking him to the floor, broke and dislocated his shoulder. Plaintiff then informed the officers that his shoulder was hurt and to not hurt him any more. Daniels told him to shut up and get on down because he wasn't hurt. Wade Lowery then jumped on Plaintiff's back and attempted to jerk his broken arm back behind his back. Plaintiff screamed and after the third time, Lowery finally told him to get up off the floor. Plaintiff was then hand cuffed with his hands in front. Plaintiff was then taken to the Sayre Memorial Hospital where he was diagnosed with a broken and dislocated shoulder. Plaintiff was eventually released on an O.R. bond because of the medical issues.

Complaint [Doc. #1] at 2.

In Count I, Plaintiff contends that his due process and equal protection rights were violated by the officers' use of undue force. Plaintiff contends that Defendant Daniels' kicking the door and hitting him with enough force to knock him down and break his shoulder constitutes unnecessary and excessive force. Plaintiff further contends that Defendant Lowery's jumping on his back and jerking his broken arm three times also constitutes excessive force. Complaint at 3.

In Count II, Plaintiff states that he was subjected to cruel and unusual punishment based on the officers' use of excessive force during his arrest. Plaintiff states that Defendants Daniels and Lowery used excessive force causing Plaintiff to receive a broken and dislocated shoulder and then jerking him around further inflicting pain with undue force. Plaintiff states that Defendant Damron is liable for the use of excessive force "because he was present." Complaint at 3.

**Defendant Damron's Motion to Dismiss**

Defendant Damron has moved for dismissal of the claims against him based on lack of personal jurisdiction and Plaintiff's alleged failure to state a claim upon which relief may be granted.[2] Defendant states that Plaintiff's claims against him should be dismissed because "Plaintiff fails to cite any action demonstrating that this Defendant deprived him of a right secured by the Constitution or any laws of the United States." Motion to Dismiss at 2. Defendant notes that Count I of the Complaint does not mention his involvement in the arrest and that Count II simply states that he "was present." Motion to Dismiss at 2.

---

[2]It appears, however, that Defendant Damron's claim of lack of personal jurisdiction is premised solely on his contention that Plaintiff has failed to state a civil rights claim against him. Defendant misapprehends the nature of personal jurisdiction. In a federal question case, the federal court must determine "(1) whether the applicable statute *potentially* confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. Bellsouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal quotation and citation omitted) (emphasis added). Defendant Damron alleges no facts to suggest that the exercise of jurisdiction by this Court does not comport with due process, and 42 U.S.C. § 1983 confers jurisdiction over officials acting under color of state law.

In Plaintiff's Response to the Motion to Dismiss, Plaintiff contends that because Defendant Damron "was present during the assault, a witness, and a law enforcement officer" he may be held liable for the alleged excessive force because "he did not try to stop the other officers from viscously [sic] knocking Plaintiff to the ground and breaking his shoulder." Plaintiff's Response at 1. Plaintiff cites three cases from other circuits in support of this proposition.

In Defendant's Reply, Defendant Damron discusses each case cited by Plaintiff and states that each is distinguishable. He further states that "Plaintiff not only fails to cite any actions depriving him of his constitutional rights by Defendant Damron, he also fails to cite any facts that Defendant Damron observed any of the alleged single acts, or that he had any opportunity to take preventive action if he did observe such act." Defendant's Reply at 8.

**Standard of Review**

A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (citation omitted). In applying this standard, a court must examine the factual record in the light most favorable to the nonmoving party. *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995). Further, a court must liberally construe a *pro se* plaintiff's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**Analysis**

Because Plaintiff's claims are based on actions of the Defendants during a search and arrest, his claims arise under the Fourth Amendment, which guarantees citizens the right to be free from unreasonable searches and seizures. *See Terry v. Ohio*, 392 U.S. 1, 8 (1968); *Graham v. Connor*, 490 U.S. 386, 388 (1989) (claims of excessive force in the context of arrests should be analyzed under the Fourth Amendment's objective reasonableness standard); *Tennessee v. Garner*, 471 U.S. 1, 7 (1985). Courts evaluate reasonableness under the Fourth Amendment by examining the totality of circumstances of the particular seizure. *Ohio v. Robinette*, 519 U.S. 33, 39 (1996). *See also Blossom v. Yarbrough*, 429 F.3d 963, 967 (10th Cir. 2005).

It is clearly established under Tenth Circuit precedent that a law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983. *See Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996); *see also Lusby v. T.G. &Y. Stores, Inc.*, 749 F.2d 1423, 1433 (10th Cir. 1984) (ruling that officer who did not prevent fellow officer's use of allegedly excessive force against an arrestee "may be liable [under § 1983] if he had the opportunity to intervene but failed to do so"), *vacated on other grounds*, 474 U.S. 805 (1985); *accord Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995); *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) ("A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers."); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985) ("It is not necessary that a police officer actually participate

in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.").

As stated above, this Court cannot grant a motion to dismiss for failure to state a claim upon which relief may granted unless the facts alleged, viewed in the light most favorable to the plaintiff, lead to the conclusion that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Here, Plaintiff has alleged that Defendants Daniels and Lowery used excessive force in effecting Plaintiff's arrest, causing a broken, dislocated shoulder and then "jerking him around further inflicting pain with undue force." Complaint at 3.  Plaintiff alleges that he screamed and that after the third time Defendant Lowery finally let Plaintiff get up.  Complaint at 2-3.  Plaintiff alleges that Defendant Damron was "present" during this use of force and, in the context of the Motion to Dismiss, Defendant Damron does not dispute that he was present.  Viewed in the light most favorable to Plaintiff, the facts alleged do not lead to the conclusion that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief from Defendant Damron.  Under the allegations of Plaintiff's *pro se* Complaint, construed liberally, it is possible that Plaintiff could prove facts regarding the circumstances, duration and extent of the alleged conduct that would support his claim that Defendants Daniels and Lowery used excessive force and further showing that Defendant Damron was not only present, but had an opportunity to intervene and prevent the continued use of excessive force.  It is therefore recommended that Defendant Damron's Motion to Dismiss be denied.

**RECOMMENDATION**

It is recommended that Defendant Damron's Motion to Dismiss [Doc. #19] be denied.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by January 9th, 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED this 20th day of December, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE