# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEE ARLIN EASTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-05-0509-F |
| LARRY DAMERON,[1] R.C. DANIELS and WADE LOWERY, | ) ) ) ) |
| Defendants. | ) |

## ORDER

### Background

On January 24, 2006, the court entered an order adopting the Report and Recommendation of Magistrate Judge Valerie K. Couch. In that Order, the court granted the motion to quash of defendant Wade Lowery on the ground that it had been confessed, dismissed Wade Lowery without prejudice for insufficiency of service of process, and denied defendant Larry Damron's motion to dismiss. (Order at doc. no. 29.)

On February 17, 2006, the court vacated that order on plaintiff's motion, based on plaintiff's representation that he did not receive a copy of defendant's motion to quash so that plaintiff was unable to respond in a timely manner. (Order at doc. no. 36.) Among other things, the vacating Order provided as follows:

---

[1]This defendant identifies himself as "Lary Damron."

>   Plaintiff is **GRANTED** until April 17, 2006, within which to obtain and file proof of service with respect to defendant Lowery.
>
>   Notice is hereby given that, absent proof of service or a sufficient showing of good cause as to why another extension should be granted, all by April 17, 2006, the motion to quash will be granted by this court and defendant Lowery will be dismissed from this action without prejudice, consistent with the original recommendation of the Magistrate Judge.

To date, the docket reflects that no proof of service or showing of good cause has been filed, and plaintiff has made no showing as to why another extension should be granted.² Accordingly, the court hereby rules, again, as follows.

### Rulings

Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. Plaintiff alleges that defendants used excessive force in executing a search warrant and in arresting him. On December 20, 2005, Magistrate Judge Couch entered a Report and Recommendation (doc. no. 27) recommending that the "Motion of Defendant Wade Lowery to Quash Service of Summons" (doc. no. 20) be deemed confessed, and that Plaintiff's claims against Defendant Lowery be dismissed without prejudice for insufficiency of service of process under Rule 12(b)(5), Fed. R. Civ. P. Also on December 20, 2005, Magistrate Judge Couch entered a second Report and Recommendation (doc. no. 28)

---

²The docket shows a praecipe for one summons, and an alias summons reissued for service on Wade Lowery on April 26, 2006. (Doc. no. 47.) This summons was not reissued until nine days after proof of *service* was required to be filed. In the meantime, this case is proceeding toward adjudication, and dispositive motions are due later this week. It is unreasonable to hold up this case's progress while waiting on plaintiff to serve Mr. Lowery. Plaintiff has had ample opportunity to serve Mr. Lowery, and more than enough notice that failure to serve Mr. Lowery in a timely fashion will result in Mr. Lowery's dismissal. The late reissuance of summons changes nothing.

2

recommending that Defendant Larry Damron's "Motion to Dismiss" (doc. no. 19) be denied.

Each Report and Recommendation advised the parties of their right to object to the Report and Recommendation, that any such objections must be filed by January 9, 2006, and that failure to make timely objection to either Report and Recommendation would waive the right to appellate review of the factual and legal issues addressed in the Report and Recommendation.

Plaintiff subsequently filed a "Motion for Reconsideration on Order Dismissing Complaint Against Defendant Wade Lowery," which the court construes as an objection to the Magistrate Judge's Report and Recommendation regarding defendant Lowery.  The (construed) objection requests an extension of time within which to pursue service of the complaint and summons on defendant Lowery.  As stated in the "Background" portion of this Order, additional time has now been granted to plaintiff but no proof of service has been filed.  The (construed) objection states no reason why, absent proof of service by the date established by the court, defendant Lowery should not be dismissed.

Defendant Larry Damron has not filed an objection to either Report, and has not asked for an extension of time within which to object.

Accordingly, with objected to issues having been reviewed *de novo* and with all other issues having been reviewed, the court hereby **AFFIRMS**, **ACCEPTS** and **ADOPTS** each Report and Recommendation in its entirety. Accordingly, the "Motion of Defendant Wade Lowery to Quash Service of Summons" (doc. no. 20) is **GRANTED**, and Plaintiff's claims against Defendant Lowery are **DISMISSED** without prejudice for insufficiency of service of process under Rule 12(b)(5), Fed. R. Civ. P; and Defendant Damron's "Motion to Dismiss" (doc. no. 19) is **DENIED**.

The matter remains referred to the Magistrate Judge in accordance with the original referral order.

Dated this 2nd day of May, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0509p006(pub).wpd