**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DEE ARLIN EASTER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-05-509-F |
| | ) | |
| LARRY DAMERON, | ) | |
| R. C. DANIELS, | ) | |
| WADE LOWERY, | ) | |
| Defendants. | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Mr. Wade Lowery was originally named as a defendant in this prisoner civil rights action, but he was dismissed by Order of the Court dated May 2, 2006 [Doc. #48]. The Order of dismissal was based on Plaintiff's failure to show proof of service of process on Mr. Lowery by the date established by the Court. In a prior Order dated February 17, 2006 [Doc. #36], the Court had granted Plaintiff an extension of time to April 17, 2006, to effect service on Mr. Lowery:

> Plaintiff is GRANTED until April 17, 2006, within which to obtain and file proof of service with respect to defendant Lowery.
>
> Notice is hereby given that, absent proof of service or a sufficient showing of good cause as to why another extension should be granted all by April 17, 2006, the motion to quash will be granted by this Court and defendant Lowery will be dismissed from the action without prejudice, consistent with the original recommendation of the Magistrate Judge.

In the May 2nd Order dismissing Mr. Lowery, the Court specifically noted that on April 26, 2006, Plaintiff had filed a praecipe for one summons and had obtained reissuance of an alias summons for service on Mr. Lowery. The Court, however, noted that the summons had not been reissued until nine days *after* proof of service was required to be filed. The Court

further found that Plaintiff had been given ample opportunity to serve Mr. Lowery by the April 17, 2006 deadline, had failed to do so and that "the late reissuance of summons changes nothing." *See* Order at 2, fn. 2. On that basis, the Court dismissed Mr. Lowery from the lawsuit.

Thereafter, on May 18, 2006, a Return of Service was filed indicating that on May 17, 2006, the U.S. Marshal Service had served Mr. Lowery with the summons issued on April 26, 2006. *See* Doc. #52. In response to the filing of the Return of Service, Mr. Lowery has filed a Second Special Appearance and Motion to Quash Summons [Doc. #53] seeking a court order quashing the service of process. Plaintiff has filed no objection or other response to Mr. Lowery's Motion, and the time for doing so under the Court's Local Civil Rules has expired. Under LCvR7.2(f), Mr. Lowery's Motion to Quash Summons may, in the Court's discretion, be deemed confessed.

It is recommended that Mr. Lowery's Motion be granted and that the summons served on Mr. Lowery be quashed. Based on the record before the Court, it appears that the Return of Service was filed by the U.S. Marshal Service as a matter of routine practice and without any affirmative action on Plaintiff's part. Plaintiff's failure to object or otherwise respond to Mr. Lowery's Motion to Quash Summons supports that inference. Even if, however, the filing of the Return of Service was intended by Plaintiff as an effort to effect belated service on Mr. Lowery in this action, such an effort is a nullity in light of the Court's May 2, 2006 Order dismissing Mr. Lowery from the lawsuit.

## RECOMMENDATION

It is recommended that Mr. Lowery's Motion to Quash Summons [Doc. #53] be granted.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by July  5th , 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED this  14th  day of June, 2006.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE